# In the Matter of the Estate of Jacob Dick, Deceased.

1. WILLS—*Construction of.*—In construing a will, and a codicil which the testator directs shall be taken as a part of such will, the court should read the will and codicil together, seeking to harmonize their various provisions, and should construe particular directions in the

light of the entire paper, so as to give effect to every part and to enforce the intention of the testator.

**In Probate.**—Appeal from the Circuit Court of Adams County; the Hon. OSCAR P. BONNEY, Judge, presiding. Heard in this court at the May term, 1896. . Affirmed. Opinion filed November 21, 1896.

WILLIAM McFADON, attorney for appellant.

A later clause in will repugnant to a former one modifies the former. Jenks v. Jackson, 127 Ill. 341; Siddons v. Cockrell, 131 Ill. 653.

If the provisions of the codicil had been contained in the will itself, they being the later clause, would have been treated as modifying the prior portion of the will, and the same result follows, treating it as a codicil. Siddons v. Cockrell, 131 Ill. 653; Jenks v. Jackson, 127 Ill. 341.

A codicil will be treated as an amendment of the former will, and to the extent of the changes thereby provided for, it is a cancellation of the provisions of the will. 2 Williams on Executors, bottom page 1081; 1 Williams on Executors, bottom page 8; 1 Williams on Executors, bottom page 162.

The intention of the testator as manifest by the words used must govern. Banta v. Boyd, 118 Ill. 168.

GOVERT & PAPE, attorneys for appellee.

While it is true, that where two parts of a will are irreconcilable the latter must prevail, still the true rule is recognized to be that different parts of a will can not be held to be irreconcilable unless, after the application of all rules of construction, it is found that the repugnancy is absolutely invincible. This is expressly stated in Jenks v. Jackson, 127 Ill. 341, cited by appellant.

See also to same effect Roberts v. Roberts, 140 Ill. 345; Day v. Wallace, 144 Ill. 256.

It is, however, elementary that in construing a will, full effect should be given, if possible, to every word and every clause of the will, and that it is improper and not allowable in the construction of a particular clause to confine

Matter of Estate of Jacob Dick.

our attention to the language therein contained, but that each clause must be construed in the light of the whole will. As Jarman on Wills, Ch. 51, in the seventh rule of construction, says, "All the parts of a will are to be construed in relation to each other, and so as, if possible, to form one consistent whole." In Bland v. Bland, 103 Ill. 11, the court says: "But this looking at, and resting upon some particular clause or clauses of an instrument is not the right mode of constructing it; it must be looked to in all its parts, and the entire will be considered together, in order to ascertain what is its meaning." To the same effect is Peoria v. Darst, 101 Ill. 609; Hamlin v. U. S. Express Co., 107 Ill. 443; Day v. Wallace, 144 Ill. 256.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The question arising in this case is as to the construction of the following will and codicil.

"I, Jacob Dick, of the city of Quincy, in the county of Adams and State of Illinois, being of sound mind and memory, do make, publish and declare this my last will and testament, to wit:

First. It is my will that all my just debts and funeral expenses be fully paid.

Second. I give, devise and bequeath to my wife, Maggie Dick, one-third of all my property, both real and personal, of which I may die possessed after the payment of all my debts and funeral expenses, to have, use and enjoy during her natural life.

Third. I direct that my executors hereinafter named, or such of them as shall qualify and act, or in case neither should act, then my administrator with the will annexed, shall take charge of all my property, both real and personal, except that part devised and bequeathed to my wife, and use so much of the same or of the income therefrom as shall be necessary for the support, maintenance and education of my three children, Anna Dick, Katy Dick and August Dick, until the youngest one, namely, August Dick, shall have attained the age of twenty-one years, and at that

time whatever may remain of my said property shall be equally divided amongst my said children without any regard to what may have been expended for their support and education respectively, it being my intention that each of my said children shall be reared and educated out of the common fund, to the end that the youngest shall share equally with the others, whatever remains of my said property after the cost of rearing and educating all of them is paid.

Fourth. It is my will that all of my children shall be well educated, and supported in a manner proportioned to the amount of my estate and their condition in life.

Fifth. I give, devise and bequeath to my said children in equal parts all that may remain of that part of my property devised and bequeathed to my wife at the time of her death, and in case she should die before the said August Dick attains the age of twenty-one years, then it is my will that my said executors or administrators with the will annexed shall hold and dispose of the same in the same manner hereinbefore provided for as to that part not bequeathed to my said wife.

Sixth. In case of the death of either of my children without issue before they shall arrive at the age of twenty-one years, then the survivors of such children are to have the portion hereby given to such as may so die without issue, and the estate so to be divided as hereinbefore provided amongst my said children as soon as the youngest of them or the survivors shall have attained the age of twenty-one years and not before, it being my intention that in no event shall any of my children have the control of the portion devised and bequeathed to them until the youngest of them or the survivors shall have attained the age of twenty-one years.

Seventh. I hereby appoint my wife, Maggie Dick, executrix, and my friends, Thomas Redmond and John Dick, executors of this, my last will and testament, hereby revoking all other and former wills, testaments and codicils by me made."

Matter of Estate of Jacob Dick.

CODICIL.

" Whereas, I, Jacob Dick, have this day made my last will and testament in writing, wherein I have provided that my children should not receive the property bequeathed to them until the youngest of them or of the survivors of them shall have attained the age of twenty-one years, now, therefore, I do by this writing, which I hereby declare to be a codicil to my said last will and testament and to be taken as a part thereof, order and declare that my will is that after my daughters or either of them shall have arrived at the age of twenty-one years and shall then marry, or if they shall have married before that time, they shall in that event receive the sum of three thousand dollars each, to be paid to them respectively by my said executors so soon as they shall have attained the age of twenty-one years and married, and until such time as they are married they are to receive their support and maintenance out of the common fund.

I hereby certify and confirm my said last will in all other things."

The testator died December 22, 1876, leaving his wife and three children him surviving.   The latter were Anna, aged thirteen, Kate, aged ten, and August, aged five years.   Anna was married November 5, 1887, Kate was married April 10, 1888, and August became of age October 14, 1892.

When the girls were married, being over the age of twenty-one years they were respectively paid the sum of three thousand dollars as provided by the codicil, and when August attained his majority he received from the executrix a similar amount in order to equalize him with them.   The Circuit Court held such payment was properly made, and that ruling presents the point for decision.

The position of appellant is, in effect, that the payment of three thousand dollars, provided for in the codicil to a married daughter being twenty-one years of age, was intended as an additional provision, and that the sum so paid should not be treated as a part of the share given in the will.

This view is untenable.   Reading the will and codicil together, and seeking to ascertain what was the purpose of

the testator, it is very apparent that he intended to provide for his children equally.

He intended that, except so far as necessary for their support and education, the property should be kept intact until the youngest attained the age of twenty one years and then it should be equally divided, but by the codicil he provided that upon the marriage of a daughter, being then twenty-one years of age, or if married before, when she attained that age, she should receive a portion of her share, to wit, three thousand dollars. As to that sum she should not be required to wait until the youngest reached that age. This construction harmonizes the various provisions of the will and codicil and enforces the manifest intention of the testator.

The conclusion of the Circuit Court was right and its judgment is affirmed.